IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| **VITRA DENISE FREDERICK,** § | |
| **Plaintiff** § | |
| § | |
| **V.** § | |
| § | **CIVIL ACTION NO.** ____ |
| § | |
| § | |
| § | |
| § | |
| **CITY OF LEON VALLEY, TEXAS** § | |
| **Defendant** § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE COURT:

Comes now Vitra Denise Frederick (Plaintiff), to submit her original complaint against The City of Leon Valley, Texas (City of Leon Valley or Defendant), and would respectfully show the Court as follows:

### I.
### PARTIES

1.01   Plaintiff is a resident of the City of New Braunfels, Comal County, Texas.

1.02   Defendant is a municipal entity incorporated under the laws of the State of Texas. Defendant may be served by serving a copy of the summons and complaint by serving its acting City Manager, Crystal Caldera at 6400 El Verde Road, Leon Valley, Texas 78238.

### II.
### VENUE

2.01   Plaintiff's causes of action arose within the geographic area over which this Court has jurisdiction as both jurisdiction and venue are proper in this court.  Additionally, this Court has jurisdiction pursuant to the provisions of 28 U.S.C. §§1331, 1343, 1367 and Title VII of the

Civil Rights Act of 1964 42 U.S.C. § 2000e *et seq.* and the Texas Commission on Human Rights Act (TCHRA) which prohibit discrimination based upon race and gender.

### III.
### STATEMENT OF FACTS

3.01    Plaintiff, an African-American woman, initiated her employment with Defendant on or about June 26, 2016 as its City Attorney. Over a three-year period, Plaintiff performed her duties for Defendant competently and diligently.

3.02    In addition to her salary, Plaintiff was provided with benefits in the form of paid vacations, sick leave, personal leave, and retirement.

3.03    On November 30, 2019, Plaintiff was officially terminated from her position by vote of Defendant's City Council. Prior to this termination, Plaintiff was subjected to a continued pattern and practice of race discrimination and harassment.

3.04    Specifically, Defendant subjected Plaintiff to continued harassment and a hostile working environment at the hands of a previous City Council member, Benny Martinez. Although Mr. Martinez is not a licensed attorney, he constantly berated Plaintiff in front of Defendant's City Council during both private and public sessions. Mr. Martinez continued his verbal abuse outside of City Council sessions by accosting Plaintiff and telling her directly she "didn't belong" in the City of Leon Valley. Mr. Martinez also attempted to undermine Plaintiff's credibility with Defendant by informing third parties Plaintiff "did not know what she was doing as the City Attorney" and "failed to provide proper legal advice."

3.05    Contrary to Mr. Martinez's accusations, Plaintiff was well qualified to perform her duties as a City Attorney. Prior to Plaintiff's employment with Defendant, Plaintiff was employed as an assistant City Attorney with the City of San Antonio for over twenty years.

During those twenty years, Plaintiff obtained an expertise in municipal law. Plaintiff was the only African-American female at her level with Defendant. She was also the only City Attorney in Defendant's recent history subjected to such treatment.

    3.06    In the first two weeks of March, 2019, Plaintiff verbally expressed her concerns to Defendant's Mayor and the City Manager that the treatment she received from Mr. Martinez was creating a hostile working environment and obviously discriminatory based upon Plaintiff's race and gender. Despite expressing these concerns, the harassment did not stop. Mr. Martinez continued to berate, harass, and belittle Plaintiff's work. Consequently, Plaintiff filed an official Complaint Report to the City Manager alleging gender and race discrimination on or about March 28, 2019.

    3.07    Upon receipt of the Complaint Report, Defendant made a hollow attempt at investigating the issue. Defendant hired outside counsel to interview certain fact witnesses regarding Plaintiff's Complaint Report. However, despite clear evidence to the contrary, the investigation resulted in no findings of harassment or discrimination. This only emboldened Mr. Martinez to continue his behavior which resulted in several additional complaints filed by other City of Leon Valley employees.

    3.08    At that point, Plaintiff considered filing a complaint with the Equal Employment Opportunity Commission (EEOC). However, prior to filing a complaint with the EEOC, Plaintiff was informed that her position would be eliminated by a reduction in force due to "budgetary reasons." Said another way, Defendant approved transferring the functions of the City Attorney to outside counsel because Defendant could no longer afford the position.

    3.08    On or about August 13, 2019, by vote of Defendant's City Council, which included Mr. Martinez's vote, Defendant eliminated the City Attorney position as a "reduction in

force" and transferred the functions of the City Attorney to outside counsel. Notwithstanding the reasons for eliminating Plaintiff's position, transferring the functions of the City Attorney actually increased the legal costs incurred by the City of Leon Valley in the year following this "reduction in force." As noted previously, Mr. Martinez's behavior resulted in several complaints against him and the City of Leon Valley. Despite these complaints, Plaintiff was the only person terminated from her position.

3.09    In summary, Plaintiff was terminated, discriminated against on the basis of her race and gender, and subjected to hostile working environment after suffering the following incidents:

1) Failing to treat Plaintiff as it treated other City Attorneys;
3) Subjecting Plaintiff to a hostile work environment as a result of regularly practiced discrimination on the basis of Plaintiff's race and gender;
4) Consistently subjecting Plaintiff to close scrutiny without just cause and for the sole purpose of harassing Plaintiff;
5) Retaliating against Plaintiff for filing a complaint for discrimination and hostile work environment; and
6) Terminating Plaintiff based upon her race and gender.

## IV.
## PLAINTIFF'S FIRST CAUSE OF ACTION
### Discrimination Based On Gender, Harassment & Hostile Environment

4.01    The foregoing paragraphs of this Complaint are incorporated in this cause by reference as fully as if set forth at length herein.

4.02    This action is brought under Title VII of the Civil Rights Act of 1964 which prohibits discrimination based upon race, color, sex, religion, or national origin. In the instant case, such discriminatory practices occurred in Bexar County, Texas. All procedural requirements by both state and federal law to bring this action within the jurisdiction of this Court have been met, as waivers and notice of right to sue have been obtained from the United

States Government through its agent, the Equal Employment Opportunity Commission. (Said waivers are attached to this Complaint as Exhibit "A" and incorporated thereby as if fully set forth at length herein.)

4.03    Plaintiff was an employee of Defendant who suffered discrimination and a hostile work environment at the hands of Defendant's City Council.

4.04    Defendant, through its agents, has consistently applied its employment policies in a manner that is detrimental to Plaintiff.

4.05    Specifically, Defendant, by and through its agent, Benny Martinez, directely created a hostile work environment for Plaintiff by constantly berating and disparaging Plaintiff's work both publicly and privately. In addition, Defendant violated Plaintiff's employment rights by ultimately terminating Plaintiff based upon Defendant's gender.

4.06    Although Defendant was clearly aware of its discriminatory practices, it failed to take any effective steps whatsoever to protect Plaintiff from the harassment and hostile working environment.

4.07    As a direct and proximate result of Defendants' intentional breach of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and of the laws of the State of Texas which prohibit discriminatory employment practices, Plaintiff has suffered actual damages in excess of the minimal jurisdictional limits of the Court.

**V.**
**PLAINTIFF'S SECOND CAUSE OF ACTION**
**Race Discrimination, Harassment & Hostile Environment**

5.01    The foregoing paragraphs of this Complaint are incorporated in this cause by reference as fully as if set forth at length herein.

5.02    This action is brought under Title VII of the Civil Rights Act of 1964 which

**PLAINTIFF'S ORIGINAL COMPLAINT**                                                                                                   5

prohibits discrimination based upon race.  In the instant case, such discriminatory practices occurred in Bexar County, Texas.  All procedural requirements by both state and federal law to bring this action within the jurisdiction of this Court have been met, as waivers and notice of right to sue have been obtained from the United States Government through its agent, the Equal Employment Opportunity Commission.  (Said waivers are attached to this Complaint as Exhibit "A" and incorporated thereby as if fully set forth at length herein.)

5.03    In addition to the foregoing acts of discrimination based upon race, Plaintiff suffered harassment and a hostile work environment at the hands of Defendant's agent, Benny Martinez, based upon her race, African-American.

5.04    Defendant, through its agents, consistently applied an employment policy in a manner that is detrimental to Plaintiff due to Plaintiff's race.

5.05    Specifically, Defendant, by and through its agent, Benny Martinez, directely created a hostile work environment for Plaintiff by constantly berating and disparaging Plaintiff's work both publicly and privately. In addition, Defendant violated Plaintiff's employment rights by ultimately terminating Plaintiff based upon Defendant's gender.

5.06    As a direct and proximate result of Defendant's intentional breach of Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 and of the laws of the State of Texas which prohibit discriminatory employment practices, Plaintiff has suffered actual damages in excess of the minimal jurisdictional limits of the Court.

### VI.
### PLAINTIFF'S THIRD  CAUSE OF ACTION
### Retaliation

6.01    The foregoing paragraphs of this Complaint are incorporated in this cause by reference as fully as if set forth at length herein.

6.02    Defendant has further engaged in a continuing pattern of discriminatory conduct against Plaintiff in retaliation for her having opposed employment practices of Defendant unlawful under Title VII and Texas state laws in the following and other respects:

1) Engaging in a pattern of retaliatory actions aimed at Plaintiff after she filed a complaint for race and gender discrimination;
2) Ultimately terminating Plaintiff for bringing such complaints

6.03    Defendant and its employees engaged in the conduct described above in Paragraph 6.02 with malice and/or reckless disregard for Plaintiff's federal employment rights. These actions were further taken in retaliation for Plaintiff's refusal to abide by acts of discrimination, and complaining of harassment and discriminatory acts against her in clear violation of Title VII and Texas state law.

6.04    Plaintiff has no plain or adequate remedy at law to correct the wrongs complained of herein, and has thus instituted this suit for equitable and legal damages, including compensatory and punitive damages, provided under Title VII, as amended, and declaratory relief.

## VII.
## REQUEST FOR TRIAL BY JURY

7.01    Plaintiff asserts its right to a trial by jury pursuant to Fed. R. Civ. P. 38(b) and 39(a).

**WHEREFORE**, premises considered, Plaintiff respectfully requests that Defendant, City of Leon Valley, Texas, be cited to appear and answer and that Plaintiff shall have the following relief against Defendant.

1. Actual damages in excess of the minimum jurisdictional limits of this Court for lost wages, bonuses and benefits, plus interest at the legal rate;

2. An award of pre-judgment and post judgment interest on all amounts awarded pursuant to

       Plaintiffs claims;

3.     Award Plaintiff her attorney fees, including litigation expenses, and the costs of this action;

4.     An award of punitive damages;

5.     Costs of Court.

6.     Such other and further relief to which Plaintiff may be justly entitled.

                            Respectfully Submitted,
                            THE WILEY LAW GROUP PLLC

                            By:   <u>/s/ Kevin S. Wiley, Jr.</u>
                                    Kevin S. Wiley, Jr.
                                    State Bar No. 24029902
                                    325 N. St. Paul Street, Suite 4400
                                    Dallas, Texas 75215
                                    Telephone: (214) 426-3906
                                    Telecopier: (214) 426-3934
                                    kevinwiley@lkswjr.com
                                    **ATTORNEYS FOR PLAINTIFF**