IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **VITRA DENISE FREDERICK,** | § § | |
| Plaintiff, | § § § | |
| | § | CIVIL ACTION NO. 5:21-cv-00381-OLG |
| VS. | § § | |
| **CITY OF LEON VALLEY, TEXAS,** | § § | |
| Defendant. | § § | |

**DEFENDANT CITY OF LEON VALLEY'S**
**MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO L. GARCIA:

**NOW COMES** the **CITY OF LEON VALLEY**, Defendant in the above entitled and numbered cause, and pursuant to Rule 56, **FEDERAL RULES OF CIVIL PROCEDURE**, files this its Motion for Summary Judgment and in support thereof would respectfully show unto the Court the following:

I.

Defendant **CITY OF LEON VALLEY** would show unto the Court that there is no genuine issue as to any material fact and that it is entitled to judgment, as a matter of law.

II.
**EXHIBITS**

Defendant **CITY OF LEON VALLEY**, incorporates into its Motion for Summary Judgment for all purposes the following exhibits:

    (1)    Exhibit A -  Minutes of the City of Leon Valley City Council Meetings;
    (2)    Exhibit B -  Plaintiff's Answers to Interrogatories;
    (3)    Exhibit C -  Plaintiff's Response to Request for Admissions;
    (4)    Exhibit D -  Request for Proposals to law firms;
    (5)    Exhibit E -  Denton Law Firm Letter of Engagement;
    (6)    Exhibit F -  Frederick Personnel File Excerpts Position Eliminated; and,
    (7)    Exhibit G -  Bates 145 – 150 of Defendant's Responses to Discovery.

The above Exhibits A through G are hereby incorporated by reference for all purposes.

## III.
### BACKGROUND

The case at bar concerns the tenure of Plaintiff Vita Frederick as the City of Leon Valley City Attorney from the date she was hired on June 23, 2016 until her position was eliminated by the City Council of the City of Leon Valley on November 30, 2019. Plaintiff Frederick has brought claims under Title VII alleging that she has been discriminated against based on her gender – Female; race – African-American and retaliated against as a result of her position being eliminated by the City Council of the City of Leon Valley on November 30, 2019.

During Attorney Frederick's tenure as City Attorney for the City of Leon Valley, she was in-house counsel for the City of Leon Valley with no support staff. Vita Frederick alleges that she was discriminated against based on her gender – female; race – African-American and retaliated against by Councilman Benny Martinez while she was employed as City Attorney for the City of Leon Valley. Although Attorney Frederick did file a grievance with the City of Leon Valley, an independent counsel was hired to do an investigation concerning the allegations. Ultimately, although the grievance was not sustained, Councilman Martinez was removed by the City Council and replaced with another Councilman on August 20, 2019.

The City of Leon Valley decided to move from an in-house City Attorney to retaining outside legal law firm to have a broader capacity providing legal advice to the City of Leon Valley. In October of 2019, the City Manager named three outside law firms as finalists for the position of City Attorney for the City of Leon Valley. Manager Kelly Kinstler decided on the law firm of Denton Navarro Rocha Bernal and Zech to provide the legal services (*See, Exhibit A - November 5, 2019 City Council Meetings*.) On November 19, 2019, the City Council approved the City Manager's recommendation and appointed the law firm of Denton Navarro Rocha Bernal and Zech. As of November 30, 2019, Plaintiff's position as in-house City Attorney was eliminated from the budget and her position was terminated.

Defendant City of Leon Valley denies that it has discriminated against Plaintiff Frederick based on her gender Female or race African American and denies that it has retaliated against. The City of Leon Valley decided to move in a different direction concerning the providing of legal services to the City of Leon Valley from an in-house single attorney to an outside law firm.

## IV.
## UNDISPUTED FACTS

Defendant **CITY OF LEON VALLEY**, would show unto the Court that the following facts are undisputed:

(1) Plaintiff Vita Frederick was the City Attorney for the City of Leon Valley from June 23, 2016 until the date her position was eliminated on November 30, 2019. (*See, Exhibit F – Frederick Personnel File Excerpts City Attorney Position Eliminated.*).

(2) The City Council for the City of Leon Valley removed Councilman Benny Martinez, a city council member and replaced him with another Councilman on August 20, 2019. (*See Exhibit G - Bates 145 – 150 of Defendant's Responses to Discovery*).

(3)   The City Council for the City of Leon Valley, through the City Manager Kelly Kuenstler, discussed the advantages of having an outside law firm as to a single in-house attorney for the City Attorney Position. (*See Exhibit A – Minutes of the City of Leon Valley City Council Meetings, pp. 7; 14; 16, 18*).

(4)   On October 15, 2019, the City Council Meeting for the City of Leon Valley, City Manager Kelly Kuenstler presented the top three law firms to City Council for their recommendation. (*See Exhibit A – Minutes of the City of Leon Valley City Council Meetings pp. 18-19;*; *Exhibit D – Request for Proposals to three law firms*).

(5)   On November 5, 2019, Council for the City of Leon Valley approved City Manager Kuenstler's recommendation to appoint the law firm of Denton Navarro Rocha Bernal & Zech as City Attorney. (*See, Exhibit A – Minutes of the City of Leon Valley City Council Meetings, p 44*; *Exhibit E – Denton Law Firm Letter of Engagement Retained*; *Exhibit F - Frederick Personnel File Excerpts City Attorney Position Eliminated* pp. 1-2; 11).

(6)   This in-house City Attorney position held by Plaintiff Vita Frederick was terminated on November 30, 2019. (*See, Exhibit F – Frederick Personnel File Excerpts City Attorney Position Eliminated, p. 11*).

## V.
## LEGAL ANALYSIS

### A.   TITLE VII

Plaintiff's claims are brought pursuant to Title VII alleging discrimination and retaliation based on gender (female) and national origin (African American) and retaliation.

Plaintiff's claims under Title VII are analyzed under the applicable ***McDonnell Douglas*** framework. Plaintiff has the burden to establish a prima facie case of discrimination which requires a showing of each of the following:

(1)   That she is a member of a protected class;

(2)   That she was qualified for the position

(3)   That she suffered an adverse employment action; and,

    (4)    Similarly situated employees outside the protected class were more favorably treated.

***McDonnell Douglas Corp. v. Green,*** 411 U.S. 792, 802 (1973); ***Okoye v. University of Texas Houston Health Sci. Ctr.***, 245 F.3d 507, 512 (5th Cir. 2001).  Once the plaintiff establishes a prima facie case, the burden of production shifts to the employer to articulate a legitimate, non-discriminatory reason for the adverse employment action.  ***Fairchild v. All American Check Cashing, Inc.***, 851 F.3d 959, 967 (5th Cir. 2016).  Plaintiff then has the opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant employer were not its true reasons but were a pretext for discrimination.  Alternatively, plaintiff can prove that the employer's reasons while true, were not the only reason for its conduct but rather another "motivating factor" was plaintiff's protected characteristic.  ***Burrell v. Dr. Pepper/7-Up Bottling Grp., Inc.,*** 482 F.3d 408, 412 (5th Cir. 2007).

    **B.**    <u>**RETALIATION**</u>

In Plaintiff Frederick's retaliation claim under Title VII, Plaintiff Frederick has the burden of showing:

    (1)    She participated in activity protected under the statute;
    (2)    Her employer took an adverse employment action against her; and,
    (3)    A casual connection exists between the protected activity and the adverse action.

***Feist v. Louisiana Department of Justice Office of the Atty Gen.***, 730 F.3d 450, 454 (5th Cir. 2013).  If Plaintiff establishes a prima facie case, the burden shifts to the defendant employer to state a legitimate nondiscriminatory reason for its decision.  After the employer states its reason, the burden shifts back to the employee to demonstrate that the

employer's reason is actually pretext for retaliation, which the employee accomplishes by showing that the adverse action would not have occurred "but for" the employee's retaliatory motive. ***University of Texas S.W. Medical Ctr. v. Nassar***, 570 U.S. 338, 360 (2013). Further, in order to avoid summary judgment, the plaintiff must show a conflict and substantial evidence on the question of whether the employer would not have taken the action "but for" the protected activity. ***Brandon v. Sage Corp.***, 808 F.3d 266, 270 (5th Cir. 2015).

  C.  CASE AT BAR

  Defendant **CITY OF LEON VALLEY** denies that it has discriminated against Vitra Federick based on her gender – female; her race – African-American or subjected to her to sexual harassment. Defendant further denies that Plaintiff was subjected to retaliation as alleged in her Complaint. Defendant City of Leon Valley asserts that the City Council for the City of Leon Valley decided to make a strategic change in how it acquired legal advice as a governmental body. Plaintiff Frederick was a one person City Attorney's Office (with no staff) the City decided to move in a different direction by hiring outside counsel with a vast number of resources. (*See, Exhibit A - Minutes of the City of Leon Valley City Council Meetings, pp. 14, 16, 18; Exhibit B - Plaintiff's Answers to Interrogatories; Exhibit E - Denton Law Firm Letter of Engagement Retained*).

  Plaintiff Vita Frederick's complaint of discrimination concerning gender (female), race (African-American) and sexual harassment constituting hostile work environment were against City Councilmember Benny Martinez. (*See*, *Exhibit B - Plaintiff's Answers to Interrogatories No. 12, 13, 14, 15 and 16*). Councilman Benny Martinez was ousted from office pursuant to the City Charter for the City of Leon Valley's own councilmembers.

Plaintiff Martinez was replaced with Councilmember Hodde on August 20, 2019.  (*See, Exhibit G - Bates 145 – 150 of Defendant's Responses to Discovery, Exhibit C - Plaintiff's Response to Request for Admissions*).

On October 15, 2019, City Manager Kelly Kuenstler (female) narrowed the City's search to three law firms and reported to the City Council.  (*See, Exhibit D - Request for Proposals to three law firms*).  On November 19, 2019, the City Council for the City of Leon Valley approved City Manager Kuenstler's recommendation of appointing the law firm of Denton Navarro Rocha Bernal and Zech.  (*See, Exhibit E - Denton Law Firm Letter of Engagement Retained*).

On November 30, 2019, Plaintiff Frederick's position as city attorney was eliminated pursuant to the budget. (*See Exhibit F – Frederick Personnel File Excerpts City Attorney Position Eliminated*).

Defendant City of Leon Valley asserts Plaintiff Frederick fails to meet a prima facie case under the ***McDonnell Douglas*** test by failing the fourth prong.  Plaintiff Frederick cannot show that similarly situated employees outside the protected class were more favorably treated.  The City of Leon Valley, subsequent to finding that Councilman Martinez had interfered with the City Manager by directly communicating with city employees, forfeited Councilman Martinez' position.  Subsequent to Councilman Martinez being voted out of office by the City Council he was replaced by another council member.  In October, the City Council moved forward with the retention of an outside law firm for a city attorney for legal advice.

If plaintiff were able to show a prima facie case, Defendant City of Leon Valley has shown by the evidence that it had a legitimate reason for choosing an outside law firm.

Said selection was not a pretext for discrimination.  Defendant City of Leon Valley further asserts that there is no evidence of retaliation concerning the City's decision to move to an outside law firm for legal advice.   In an analogous case, **Sokolow v. City of League City**, 37 F.Supp.2d 940 (S.D. Tex. 1999) involved the city attorney for the City of League City. The City moved for summary judgment and the trial court granted the summary judgment. The fact that the city attorney was replaced as an at-will employee was not evidence of discrimination.  *Id.* at 947.

In the case of **Pipkin v. City of Moore, OK**, 735 F.Supp. 1004 (W.D. OK 1990) is another analogous case.  In **Pipkin**, the city attorney's position was eliminated and plaintiff attorney brought a lawsuit against the City of Moore alleging constitutional violations.  The City of Moore's motion for summary judgment was granted in finding that the city attorney's constitutional rights were not violated. *Id.* at 1009.

In **Okpala v. City of Houston**, 397 F.App'x. 50 (5th Cir. 2010), the Court upheld summary judgment granted by the trial court and the Judgment JMOL against plaintiff's claims of discrimination and retaliation under Title VII for having their positions eliminated.  The Court held that the City's proffered legitimate, non-discriminatory reason for the layoffs, namely, the elimination of the position as part of reorganization was not a pretext for discrimination.  The Fifth Circuit affirmed the JMOL pursuant to the City's Motion for Judgment as a Matter of Law that it was not pretext. *Id.* *53.

Defendant **CITY OF LEON VALLEY** asserts that Plaintiff has failed to make out a prima facie of Title VII discrimination.  Plaintiff Frederick was not discriminated on based on her gender (female), race (African-American), was not subjected to a hostile work environment and was not retaliated against as a matter of law. Councilman Martinez was

removed from Council on August 20, 2019.  (*See, Exhibit C - Plaintiff's Response to Request for Admissions*). Defendant City of Leon Valley reorganized the Office of the City Attorney on November 19, 2019.  (*See, Exhibit E - Denton Law Firm Letter of Engagement Retained*).   Plaintiff Frederick's allegations are against Councilman Martinez.   (*See, Exhibit B - Plaintiff's Answers to Interrogatories 12, 13, 14, 15 and 16*).  Plaintiff Frederick has failed to make a Prima Facie case and/or in the alternative has failed to show that the elimination of her position was pretext.  Furthermore, Plaintiff Frederick has failed to show retaliation concerning the elimination of the City Attorney position.  There is not a casual connection existing between the protected activity and the adverse action, as a matter of law.  *University of Texas S.W. Medical Ctr. v. Nassar*, 570 U.S. 338, 360 (2013).

**WHEREFORE, PREMISES CONSIDERED** Defendant **CITY OF LEON VALLEY** prays that its Motion for Summary Judgment be in all things granted and for such other and further relief as it may show itself justly entitled.

    Respectfully submitted,

    LAW OFFICES OF CHARLES S. FRIGERIO
    A Professional Corporation
    Riverview Towers
    111 Soledad, Suite 465
    San Antonio, Texas 78205
    (210) 271-7877
    (210) 271-0602 Telefax

    BY:   /s/ Charles S. Frigerio
         CHARLES S. FRIGERIO
         SBN:  07477500
    Email:  CSF@Frigeriolawfirm.com

         HECTOR X. SAENZ
         SBN:  17514850
    ATTORNEYS FOR DEFENDANT
    **CITY OF LEON VALLEY**

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of May, 2023, I electronically filed the foregoing Defendant City of Leon Valley's Motion for Summary Judgment with the Clerk of the Court using the CM/ECF system which will send notification of such filing via email to the following:

Mr. Kevin S. Wiley, Jr.
**HICKS LAW GROUP PLLC**
325 N. St. Paul Street, Suite 4400
Dallas, Texas  75215

/s/ Charles S. Frigerio
CHARLES S. FRIGERIO