# EXHIBIT A
# VITRA DENISE FREDERICK DECLARATION

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **VITRA DENISE FREDERICK,** | § | |
| **Plaintiff** | § | |
| | § | |
| **V.** | § | |
| | § | CIVIL ACTION NO.  5:21-cv-00381-olg |
| | § | |
| | § | |
| | § | |
| **CITY OF LEON VALLEY, TEXAS** | § | |
| **Defendant** | § | |

## DECLARATION OF VITRA DENISE FREDERICK

"Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the following statement is true and correct:

1. "My name is Vitra Denise Frederick. I am over the age of 18 and I am fully competent to make this declaration. My statements are true and correct, and based upon my personal knowledge of the facts contained herein. I make this declaration under the full knowledge that I do so under penalty of perjury.

2. "I am an African-American female. I was employed by the City of Leon Valley, Texas ("Leon Valley") as its City Attorney beginning June 23, 2016. I served as the City Attorney until I was terminated by the Leon Valley City Council effective November 30, 2019.

3. "My duties as City Attorney included, but were not limited to, advising the Leon Valley Council on proposed City ordinances before they were adopted, application of existing ordinances, reviewing City contracts, advising the City Council and administrative staff on all legal matters, and answering questions regarding the potential legal ramifications of actions

taken by City Council. The foregoing duties were administered both in open sessions during City Council meetings and during Executive Sessions not open to the public.

4. "Prior to my position with Leon Valley, I was employed as an Assistant City Attorney for the City of San Antonio, Texas and held that position for over twenty years. Over my tenure with the City of San Antonio, I obtained substantial experience in both municipal law and knowledge regarding the inner-workings of municipal policies and procedures.

5. "Prior to my termination from Leon Valley, I was subjected to a continued pattern and practice of discrimination and harassment based upon my gender, female, and race, African-American.

6. "Specifically, and in the earlier part of year 2018, I started receiving continual harassment by former City Council member, Benny Martinez. Although Mr. Martinez is not a licensed attorney, he constantly berated me in front of the City Council during both public sessions and Executive Sessions not open to the public. He constantly questioned my knowledge, skill, and work ethic during these sessions. He even continued his verbal abuse outside of City Council sessions by accosting me and telling me directly that I did not belong in the City of Leon Valley. At points in time, I felt physically threatened by Mr. Martinez because of his demeanor and his close approximation to me as he derided me outside of session. He consistently attempted to undermine my credibility with Leon Valley by suggesting publicly that I did not know what I was doing as the City Attorney and that I failed to provide proper legal advice.

7. "Mr. Martinez had a reputation for being rude in and out of City Council sessions. However, his level of acrimony towards me was different than other employees of Leon Valley. Mr. Martinez singled me out with his level of verbal abuse and clearly tried to have me

**DECLARATION OF VITRA DENISE FREDERICK** 2

terminated. Mr. Martinez was eventually joined by another council member, Will Bradshaw, and the Zoning Commissioner, Larry Proffitt, to continue their verbal abuse and harassment towards me.

8. "After taking this abuse for weeks and months on end, I discussed the harassment with the City Manager at the time and my direct report, Kelly Kuenstler. I advised Ms. Kuenstler that the harassment and threats were going beyond what a person in my position should deal with. I also expressly told Ms. Kuenstler that I was being singled out as an African-American female and that I was the only employee with Leon Valley receiving this type of abuse. Finally, I told Ms. Kuenstler that as the City Attorney, I was not only concerned about my job, but I was also concerned that the conduct of Mr. Martinez, and those acting in concert with him, would eventually expose Leon Valley to a complaint for race and/or gender discrimination. After several meetings Ms. Kuenstler regarding the harassing behavior towards me, Ms. Kuenstler agreed to talk with the Messrs. Martinez and Bradshaw privately. However, she disagreed that she should come to public sessions to support me or tell Mr. Martinez and Mr. Bradshaw to cease their behavior at Executive Session. Because Ms. Kuenstler failed to speak out publicly or my heed my advice, matters were made worse as the harassment level increased.

9. "Subsequently, I filed an official complaint with Leon Valley, on the basis of race and sex discrimination. An investigation into my complaint for race and sex discrimination ensued which was administered by Attorney Ryan Henry with the Law Offices of Ryan Henry, PLLC.

10. "Mr. Henry's investigation revealed that there was no evidence of racial and sex discrimination. His report was also filled with inaccuracies and misstatements. Through my attorney, I responded to the report and pointed out that the report completely disregarded my

**DECLARATION OF VITRA DENISE FREDERICK**  3

statements regarding the discriminatory bias Mr. Martinez exhibited towards me. A copy of this response letter to Mr. Henry's report is attached as Exhibit A-1.

11. "After the conclusion of the official complaint against Mr. Martinez, his conduct got progressively worse. Mr. Martinez went as far as having a private citizen, who was his friend apparently, contribute to the harassment. This acquaintance of Mr. Martinez, a Josh Stevens, appeared at City Council meetings and, also openly questioned my ability to do my job as a City Attorney. He also sent personal and threatening emails to me at my office. By June, 2019, I asked my attorney to send a cease and desist letter to Mr. Stevens directly. The letter is attached as Exhibit A-2.

12. "In the summer of 2019, I once again informed Ms. Kuenstler that the discriminatory treatment was only getting worse. I asked Ms. Kuenstler to again support me to publicly admonish Mr. Martinez and anyone else acting in concert with Mr. Martinez to get them all to stop. She refused. At that point, I informed Ms. Kuenstler that I had little choice but to file a complaint with the Equal Employment Opportunity Commission. Thereafter, in July, 2019, Ms. Kuenstler advised me that Leon Valley would be going in another direction regarding legal services. Said another way, Ms. Kuenstler said Leon Valley they would be eliminating the City Attorney position from the city budget to save Leon Valley money and resources.

13. "On August 13, 2019, by vote of the City Council, which of course included Mr. Martinez's vote, Leon Valley eliminated the City Attorney position as a 'reduction in force' and transferred the functions of the City Attorney to outside counsel. The reasons for eliminating my position were clearly pretextual for the real reasons behind my termination. A reduction in force to transfer all functions of the City Attorney makes no sense since the hourly rates for a private

**DECLARATION OF VITRA DENISE FREDERICK**                                                                 4

firm to perform the work I performed are at least twice, if not three times, more than my hourly rate. I am quite familiar with the hourly rates because I would often recommend using outside counsel on litigation matters which were not part of my usual municipal functions for Leon Valley.

14. "Ms. Kuenstler, and hence Leon Valley, knew that I was going to file a complaint with the EEOC. Mr. Martinez's behavior resulted in several complaints against him and the City of Leon Valley. As a result of the complaints, the City Council held hearings pursuant to the City Charter and the City's relevant ordinances.  Upon seeing evidence and hearing testimony for several days, the City Council took a vote in open session and removed Mr. Martinez from his seat as a City Councilor. Unlike other employees who lodged complaints against Mr. Martinez's behavior, I was the only employee terminated from my position. The decision to cut the City Attorney position, essentially terminating me from Leon Valley, was agreed to in an Executive Session and later voted on in public. The termination was effective November 30, 2019.

15. "Leon Valley could not terminate me for any work related issues or due to poor performance, primarily because there were no records of performance issues. Instead, they came up with the excuse that the position should be outsourced to a law firm for budgetary reasons.

15. "On October 16, 2019, I received another email from Mr. Stevens. In the email Mr. Stevens indicates that eliminating the City Attorney position had nothing to do with the budget and that the City Manager orchestrated my removal with the budgetary reason as a cover-up. This email is attached as Exhibit A-3."

**DECLARATION OF VITRA DENISE FREDERICK**                                                                 5

I declare the foregoing statement is made under the penalty of perjury. Executed this 23rd day of June, 2023.

*Vitra D. Frederick*
Vitra Denise Frederick

**DECLARATION OF VITRA DENISE FREDERICK**                                                      6

# EXHIBIT A-1
# Response Letter to Ryan Henry Report

# THE WILEY LAW GROUP, PLLC

325 N. St Paul Street, Suite 440-
Dallas, Texas 75210

ATTORNEYS AND COUNSELORS AT LAW

Kevin S. Wiley, Jr.
Tel. 469-619-5721
Fax 469-619-5725
kevinwiley@lkswjr.com

March 28, 2019

*Via CMRR and email (ryan.henry@rshlawfirm.com)*
Ryan S. Henry
Law Offices of Ryan Henry, PLLC
1380 Pantheon Way, Ste. 110
San Antonio, TX 78232

Re:   Denise Fredrick – Complaint Report Stemming from Complaints
      against Benny Martinez and Larry Proffitt

Dear Mr. Henry:

     Be advised, this firm has been engaged by Denise Fredrick regarding the formal complaints Mrs. Frederick lodged against Councilman Benny Martinez (Martinez) and Zoning Commissioner Larry Proffitt (Proffitt). I understand the City of Leon Valley engaged you for the limited role to investigate these complaints and submit an independent report on your findings (the Report). As you know, Ms. Frederick remains highly concerned that the Report contained several inaccuracies which could negatively impact her position as City Attorney. I also understand that you have invited Mrs. Frederick to make an official response to the Report on any items she disagreed with. For these reasons I advised Ms. Frederick to submit a formal response through counsel which points out the inaccuracies (both legally and factually) and serves as an official response to the findings. This response should not be construed as a demand letter or threat of litigation, for that is neither my client's design or intent.

     With respect to the Martinez complaint, the Report correctly stated that claims for hostile work environment only exist if the environment is created "because of a protected classification." However, the legal analysis and application of the facts relative to hostile working environment claim was incomplete.

     Whether an environment is hostile or abusive must be determined by looking at all the circumstances. *Harvill v. Westward Comms., LLC,* 433 F.3d 428, 434-35 (5th Cir. 2005). The circumstances may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere utterance; and whether it unreasonably interferes with an employee's work performance. *Harris v. Forklift Sys., Inc.,* 510 U.S. 17, 21(1993). The U.S. Supreme Court further explained in *Oncale v. Sundwowner* that "the objective severity of harassment should be judged from the perspective of a reasonable person in the plaintiff's position, considering all the circumstances."

*Page 2 of 3*

    The Report concluded that Mrs. Fredericks's claims needed no further investigation because she could not definitively state Martinez' conduct derived from any gender or racial animus during her interview. Despite the fact the interview was conducted without the presence of employment counsel, Mrs. Frederick did indicate Martinez's conduct was humiliating and dehumanizing because she *is* an African-American. Mrs. Frederick also emphasized Martinez's conduct interfered with her job performance. These statements completely contradict the Report's conclusions. There is no direct proof, at this juncture, that Martinez holds a racial or gender bias and Mrs. Frederick admitted as much. Yet, considering all the circumstances and the severity of Martinez's conduct, the Report's conclusions completely disregard Mrs. Frederick's statements regarding discriminatory bias.

    With respect to the Proffitt claim, the Report reflects that the parties have come to some understanding as to what was said by Proffitt ("you don't belong here") and what Mr. Proffitt actually meant by the statement. To that extent, Mrs. Frederick would prefer to move on from what was said. By the same token, Mrs. Frederick would add for the record that her complaint against Proffitt should not be overlooked. Labor law provides that reviewing discriminatory animus requires looking at a totality of the circumstances. Certainly, a phrase such as "you don't belong here" can easily be construed by any reasonable person as deriving from a racial or gender bias, especially if the phrase was directed at an African-American female.

    Finally, Mrs. Frederick would like to add for the record the multitude of inaccuracies contained in the report. These inaccuracies are as follows:

During his interview, Martinez states:

> "On three separate occasions Denise has "shut me down" when I am in debate. She has told me that I cannot say something. After the City Council meeting ended she has come up to me and apologized stating she was wrong in cutting me off. Make a statement in public putting me down and privately apologizing."

    Mrs. Frederick has never "shut Martinez down" during Council meeting nor does she have the authority to do so. She has never apologized to him after a meeting or say she was wrong for "cutting him off." This is a complete fabrication.

Martinez states:

> "A few months later after a City Council meeting while walking in the parking lot, Denise apologized to me stating that I was right about the illegal meeting. Her comment was what are you going to do about it file suit."

    This is also a fabrication. Mrs. Frederick spoke to Martinez regarding an alleged 'illegal meeting' within days, not months of the meeting. She corrected him on law regarding the Open Meetings Act and how it applied to the alleged 'illegal meeting.' Again, she did not apologize and she never facetiously commented 'what are you going to do about it."

Martinez states:

"She does not provide the City Council the full facts so we can make an informed decision."

Not only is this statement a fabrication, it borders on defamation. Furthermore, if Martinez thinks that his opinions are insulated from a defamation claim, he would be highly mistaken. Even subjective assertions or opinions which imply or misconstrue facts can be actionable as defamation if it is done to injure a person's reputation. *Bentley v. Bunton,* 94 S.W.3d 561 (Tex. 2002). For example, I could form the opinion that you have stolen property, or in this case, intentionally withheld information from an elective body in breach of a duty to that body. Again, this is not meant to threaten litigation, but to simply point out the facts on the record.

Finally, Martinez states:

"It is my understanding that Denise prior position was with the City of San Antonio as a lawyer in Economic Development. She has not been a municipal attorney and is learning on the job."

Mrs. Frederick was not a 'lawyer in Economic Development.' She was a senior assistant City Attorney for the City of San Antonio who worked with all city departments utilizing CDBG funding. Again, contrary to Martinez's potential defamatory statements, Mrs. Frederick, with over 20 years experience as a municipal attorney, has developed an expertise in municipal law.

Should you have any questions or concerns regarding this correspondence, please do not hesitate to call our office.

Respectfully,

Kevin S. Wiley, Jr.

cc: Denise Frederick

# EXHIBIT A-2
# Cease and Desist Letter

# THE WILEY LAW GROUP, PLLC

325 N. St Paul Street, Suite 440-
Dallas, Texas 75210

———————

ATTORNEYS AND COUNSELORS AT LAW

---

Kevin S. Wiley, Jr.
Tel. 469-619-5721
Fax 469-619-5725
kevinwiley@lkswjr.com

June 27, 2019

*Via email (joshstevenssa@gmail.com)*
Josh Stevens

Re:   Mrs. Denise Fredrick, City Attorney for Leon Valley – Cease and Desist

Dear Mr. Stevens:

Be advised, this firm has been engaged by Mrs. Denise Fredrick regarding the personal and defamatory attacks you have lodged against my client through various communications including recent email communications.

As you know, Mrs. Frederick is the City Attorney for the City of Leon Valley, Texas. Although this position requires Mrs. Frederick to appear in public and advise her client, the City of Leon Valley, on legal matters, Mrs. Frederick is not a public figure open to your ridicule, harassment and highly defamatory comments. Accordingly, we demand that you cease and desist making any further defamatory comments regarding Mrs. Frederick's position with the City of Leon Valley and cease any further harassment of Mrs. Frederick through email communications or otherwise. Should you have any need to communicate with Mrs. Frederick directly regarding any personal business, we ask that you do so through this firm.

Respectfully,

Kevin S. Wiley, Jr.

cc: Denise Frederick

# EXHIBIT A-3
# Email from Josh Stevens

 Gmail  Denise Frederick <denise4925@gmail.com>

## Continued public slander and libel
2 messages

**Denise Frederick** <denise4925@gmail.com>  Wed, Oct 16, 2019 at 4:00 PM
To: Josh Stevens <joshstevenssa@gmail.com>
Cc: kevinwiley@lkswjr.com

Josh, do you need a reminder to cease and desist in your slanderous behavior or should I just file a lawsuit against you? Or, you can just make a public apology now and we can forget the whole this incident.

> "First I would like to apologize for calling "point of order" out loud in the council chamber earlier. As I saw it, continuous efforts were exhibited by Attorney Frederick as an effort to try to cut off a citizen trying to express her opinions regarding Will Bradshaw's conduct. I believe the blatant attempts to censor, cutoff, and limit the content by Lyn Joseph earlier are a direct violation of the recently passed Texas House Bill 2840, which states that "a governmental body may not prohibit public criticism of the governmental body, including criticism of any act or omission, policy, procedure, program, or service." Though Ms. Frederick may not know or understand this law, this is applicable to all municipal and over governmental bodies, even those with Home Rule Charters. I will draft a letter to the Texas Attorney General seeking clarification of this. Further, I did not know that a citizen in the chamber was not allowed to call "point of order". In Robert's Rules of Order and other conduct guidelines, any active or passive participant in a meeting would have this privilege and ability."

Sincerely,

Denise Frederick

**Josh Stevens** <joshstevenssa@gmail.com>  Wed, Oct 16, 2019 at 4:50 PM
To: Denise Frederick <denise4925@gmail.com>
Cc: kevinwiley@lkswjr.com, Kelly Kuenstler <k.kuenstler@leonvalleytexas.gov>, Will Bradshaw <place5@leonvalleytexas.gov>, Mayor Riley <mayorriley@leonvalleytexas.gov>, Saundra Passailaigue <s.pass@leonvalleytexas.gov>

Denise. I'm concerned that you are completely losing yourself.

How did you get ahold of this email and send it to your private email account? I don't believe you were privy to it. Did you get it through an open records request? I'm pretty sure many other requests were submitted over the past day that have not been responded to by the public information officer. If she is prioritizing your open records requests over others, that's a violation of the Texas Public Information Act.

Why are you giving out my email to your private attorney (who I know you are now employed in a law firm in)?

Are you abusing your position as city attorney to threaten a citizen in the community exercising his first amendment rights? Check out texas penal code chapter 39. Theres not only potential civil consequences for using your position and authority to attempt to threaten, coerce, intimidate, and prevent me from exercising my first amendment rights, but you can be criminally charged. Is that what you really want?

(When we say Joseph Salvaggio is under investigation, we really mean it. There's not an ongoing investigation — that I know of— into you currently, and I would hate to initiate that.)

There's nothing slanderous. You are clearly incapable of understanding the most basic things. All of my statements are my opinions and/or rooted in fact. You kept cutting off citizens talking at the podium. You act entitled, and like a dictator. You don't have the ability to interrupt citizens as they are trying to exercise their first amendment rights while utilizing the newly passed Texas House Bill 2840 and also conforming to the Rules of Decorum.

Can you give me the exact quote and or phrase from the newly enacted Rules of Decorum which force citizens commenting to "stay on topic"? Where does it say that legal counsel and city counselors have the ability to make a citizen shut up when they are commenting? Hint: there's nothing. You're overzealous and self-serving attempts to cut off citizens as they were trying to exercise rights granted by the United States Constitution is appalling.

That's why Kelly orchestrated various city council members to budget you out of the budget back in April and May of this year. (That's fact; ask them about it). I would love to tell you more, but frankly you have angered me too much.

File a lawsuit. See what happens. You'll give me grounds to file suit not only against yourself, but against the entire city of Leon Valley for enabling you to abuse your office and authority for political and personal reasons/gains. You have absolutely no basis for a lawsuit against me other than "ahhhh, I don't like what that man said".

In my opinion, you don't know the law. You don't know how to comprehend the law. And you don't know how to apply the law. Why do you think you were REALLY budgeted out?

Don't be surprised when these emails are shown to the public.

Sent from my iPhone

> On Oct 16, 2019, at 4:00 PM, Denise Frederick <denise4925@gmail.com> wrote:
>
> [Quoted text hidden]