IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **VITRA DENISE FREDERICK,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| | § | CIVIL ACTION NO. 5:21-cv-00381-OLG |
| VS. | § | |
| | § | |
| **CITY OF LEON VALLEY, TEXAS**, | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT CITY OF LEON VALLEY'S CORRECTED OBJECTIONS TO THE UNITED STATES MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE ORLANDO GARCIA:

NOW COMES the **CITY OF LEON VALLEY,** Defendant in the above entitled and numbered cause, and pursuant to 28 U.S.C. §636(b)(1)(B) FEDERAL RULES OF CIVIL PROCEDURE, files this its objections to the United States Magistrate's Report and Recommendation [ECF Dkt. 22] heretofore filed in response to Defendant's Motion for Summary Judgment [ECF Dkt. 18] and its Reply in Support of Summary Judgment [Dkt. 21] and in support of said objections would respectfully show unto the Court the following:

**I.
BACKGROUND**

The case at bar concerns the tenure of Plaintiff Vitra Denise Frederick as the City of Leon Valley City Attorney from the date she was hired on June 23, 2016 until her position was eliminated by the City Council of the City of Leon Valley on November 30, 2019. Plaintiff Frederick has brought claims under Title VII alleging that she was discriminated against based on

her gender (female), race (African-American) and retaliated against as a result of her position being eliminated by the City Council of the City of Leon Valley on November 30, 2019.

Defendant **CITY OF LEON VALLEY** is not objecting to the Magistrate's Report and Recommendation concerning the granting of its summary judgment as to Discrimination under Title VII wherein the Court recommends granting Defendant City of Leon Valley's Motion for Summary Judgment as to gender and race discrimination. However, Defendant **CITY OF LEON VALLEY** objects to the Magistrate's Report and Recommendation concerning Plaintiff's "retaliation" claim based under Title VII.

During Attorney Frederick's tenure as City Attorney for the City of Leon Valley, she was an in-house counsel for the City of Leon Valley with no support staff. Plaintiff Vitra Frederick had confrontations with Councilman Bennie Martinez while she was employed as City Attorney for the City of Leon Valley. Although Attorney Fredrick did file a grievance with the City of Leon Valley, an independent counsel was hired to investigate, concerning the allegations. Ultimately, the grievance was not sustained. Councilman Martinez was removed by the City Council and replaced with another councilman on August 20, 2019.

## II.

Defendant City of Leon Valley takes issue with the Magistrate's Report and Recommendation to the extent that the Magistrate opines that the City of Leon Valley eliminated Plaintiff's position as City Attorney for budgetary concerns. Defendant City of Leon Valley did not state that budgetary concerns were the motivating factor, but rather retaining a large outside law firm with a broader capacity of providing legal services as opposed to a one person City Attorney Staff. Three outside law firms were declared finalists and ultimately the City Manager decided on the Law Firm of Denton Navarro Rocha Bernal & Zech to provide the legal services to

the municipality. Plaintiff Frederick's position as in-house City Attorney was eliminated from the budget and her position was terminated. However, this was not done for budgetary concerns, since the Law Offices of Denton Navarro Rocha Bernal & Zech would be more costly, but rather to have a City Attorney with the vast resources of a large firm to provide legal counsel to the growing city of Leon Valley. Defendant **CITY OF LEON VALLEY** asserts that this reason is not pretext but rather a genuine concern of the City of Leon Valley to provide global legal services from a large firm as opposed to a one person, in-house city attorney without support staff.

### III.
### LEGAL ANALYSIS

Defendant **CITY OF LEON VALLEY** objects to the magistrate's report and recommendation [Dkt. 22] as follows:

<u>**OBJECTION NO. 1**</u>: Defendant **CITY OF LEON VALLEY** objects to the Magistrate's Report and Recommendation that Plaintiff Fredericks' claim for retaliation under Title VII be denied as to Defendant City of Leon Valley.

Under the ***McDonnell Douglas*** framework, a plaintiff makes a prima facie case of retaliation by showing:

(1)  She engaged in a protective activity;

(2)  She suffered an adverse employment action;

(3)  There was a casual connection between the protected activity and the adverse employment action. ***Brown v. Wal-Mart Stores, E.LP.*** 969 F.3d 571, 577 (5th Cir. 2020, as revised Aug 14, 2020).

If the plaintiff establishes a prima facie case, the burden shifts to the defendant employer to proffer a legitimate non-discriminatory reason for the adverse employment action. ***Burlington N. & Santa Fe Railway v. White***, 548 U.S. 53, 68 (2006). If the employer defendant meets this burden, the burden shifts back to the plaintiff to demonstrate that the employer's reason is pretextual which the plaintiff proves with a showing of but for causation: that the adverse action

would not have occurred "but for" the employer's retaliatory motive. ***University of Texas S.W. Medical Ctr. v. Nassar***, 570 U.S. 338, 360 (2013).

Defendant **CITY OF LEON VALLEY** objects to the magistrate's determination that the City of Leon Valley's reasoning was budgetary regarding the elimination of the city attorney position. The City of Leon Valley wished to reorganize and retain a large law firm with global experience to move the City of Leon Valley forward. The City of Leon Valley decided to move from a one person city attorney in-house counsel with no support staff organization into hiring a large law firm whose expertise is providing City Attorney legal advice throughout the State of Texas. This was simply a reorganization of the City of Leon Valley and was not pretextual. Similar cases which defendant recited in its motion for summary judgment include ***Okpala v. City of Houston***, 397 F.App'x. 50, 53 (5th Cir. 2010) and ***Pipkin v. City of Moore, OK***, 735 F.Supp. 1004, 1009 (W.D. OK 1990).

Defendant City of Leon Valley asserts that its reason for eliminating the position of City Attorney and in retaining the law firm of Denton Navarro Rocha Bernal & Zech was a move of reorganization of the City Attorney's position and there is no casual connection between plaintiff Fredericks alleged protected activity and the elimination of her position. ***University of Texas S.W. Medical Ctr. v. Nassar***, 570 U.S. 338, 360 (2013).

**WHEREFORE, PREMISES CONSIDERED** Defendant **CITY OF LEON VALLEY** moves the Court to sustain its objection as to Plaintiff's claim for retaliation and for such other and further relief, both general and special, at law and in equity to which it may show itself justly entitled.

       Respectfully submitted,

**LAW OFFICES OF CHARLES S. FRIGERIO**
A Professional Corporation
Riverview Towers
111 Soledad, Suite 465
San Antonio, Texas 78205
(210) 271-7877
(210) 271-0602 Telefax
  Email: csf@frigeriolawfirm.com
        firm@frigeriolawfirm.com

BY:   /s/ Charles S. Frigerio
     CHARLES S. FRIGERIO
     SBN: 07477500

     HECTOR X. SAENZ
     SBN: 17514850
ATTORNEYS FOR DEFENDANT
**CITY OF LEON VALLEY**

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing Leon Valley's Objections to the United States Magistrate Judge's Report and Recommendations filed via CM/ECF has been forwarded on this the 2nd day of October, 2023 to the following ECF Participants:

Kevin S. Wiley, Jr.
**HICKS LAW GROUP PLLC**
325 N. St. Paul Street, Suite 4400
Dallas, Texas 75215

Attorneys for Plaintiff Vitra Denise Frederick

       //s// Charles S. Frigerio
       CHARLES S. FRIGERIO